UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN M. ANDERSON, JR.,

    Petitioner,

vs.                                       Case No. 3:09-cv-1056-J-34TEM

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.
_____

## ORDER OF DISMISSAL WITH PREJUDICE[1]

### A. Status

Petitioner John M. Anderson, Jr., an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on October 20, 2009, pursuant to the mailbox rule.[2] Petitioner challenges a 2000 state court (Suwannee County, Florida) judgment of conviction for attempted first degree murder on three grounds.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

[2] The Petition (Doc. #1) was filed in this Court on October 26, 2009; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (October 20, 2009). See Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus.  Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Respondents' Motion to Dismiss (Response) (Doc. #8).[3] Petitioner has filed an opposition. See Petitioner's Response to Respondents' Motion to Dismiss (Reply) (Doc. #10), filed April 12, 2010. This case is now ripe for review.

### B. Procedural History

The following procedural history is relevant to the one-year limitations issue. Petitioner John M. Anderson, Jr. was charged with attempted first degree murder while armed and violation of an injunction on January 19, 2000. Resp. Ex. C at 1-2, Information. On June 2, 2000, Petitioner entered a negotiated plea of guilty. Id. at 12. On June 29, 2000, the trial court adjudicated Petitioner guilty of attempted first degree murder while armed and sentenced him to twenty years of incarceration to be followed by five years of probation. Id. at 19-23. The State nol prossed the misdemeanor charge. Id. at 32, Notice of Nolle Prosequi.

Petitioner appealed his conviction, and the parties filed briefs. Resp. Exs. F; G. On August 27, 2001, the appellate court affirmed Petitioner's conviction and sentence per curiam. Anderson v. State, 791 So.2d 1260 (Fla. 1st DCA 2001); Resp. Ex. H. The mandate issued on September 12, 2001. Resp. Ex. I. Petitioner did not seek review in the United States Supreme Court.

---

[3] The Court will refer to Respondents' exhibits as "Resp. Ex."

While the direct appeal was pending, Petitioner filed a pro se motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800 on August 2, 2000. Resp. Ex. Y. On June 1, 2001, the trial court summarily denied Petitioner's motion. Resp. Ex. Z. Petitioner did not appeal that denial.

Petitioner's conviction became final on Monday, November 26, 2001 (90 days after August 27, 2001). See Response at 5-6. Because Petitioner's conviction was after April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (November 26, 2002). His Petition, filed on October 20, 2009, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

The one-year period of limitations started running on November 27, 2001, and ran for six hundred and ten (610) days until July 30, 2003, when Petitioner filed his pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850. Resp. Ex. K at 1-15. Thus, at the time he filed the post conviction motion on July 30, 2003, the one-year limitations period had already expired.

Petitioner also filed a second pro se motion for post conviction relief, see Resp. Ex. AA, on February 12, 2006; a motion to correct illegal sentence, see Resp. Ex. O at 1-21, on September 25, 2007; and a motion to vacate, correct or set aside sentence, see Resp. Ex. S at 1-7, on January 21, 2009. Those post-conviction

4

motions filed after the expiration of the one-year limitations period did not toll the limitations period period.  See Tinker v. Moore, 255 F.3d 1331, 1334-35 (11th Cir. 2001) (holding that, even though Florida law allows a prisoner two years to file a Rule 3.850 motion, the prisoner must actually have a properly filed state court petition or motion pending within the one-year period in order to toll the limitations period), cert. denied, 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

Therefore, the Petition, filed October 20, 2009, is untimely filed and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.  The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see

also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted).  The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.  Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).  Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner claims that he is "not at a level of education or understanding of law that facilitates a speedy drafting of complex legal issues, nor does [he] possess the ability to research legal matters of his accord and must rely on 'help' from prison clerks (when available)."  Reply at 2-3.  The lack of a formal education does not excuse Petitioner from his delay in filing a timely federal petition.  Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (not reported in F.Supp.2d) (Report and Recommendation), Report and Recommendation adopted by the District Court on March 14, 2007; see Conner v. Bullard, No. Civ.A. 03-0807-CG-B, 2005 WL 1387630, at *3 (S.D. Ala. June 9, 2005) (not reported in F.Supp.2d) (finding the claim of illiteracy to not be justification for equitable tolling of the

one-year statute of limitations), Conner v. Bullard, No. CIV.A. 03-807-CG-B, 2005 WL 1629951 (S.D. Ala. July 8, 2005) (not reported in F.Supp.2d) (Report and Recommendation Adopted by the District Court); Malone v. Oklahoma, 100 Fed. Appx. 795, 798 (10th Cir. 2004) (not selected for publication in the Federal Reporter) (stating that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (stating that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling), cert. denied, 528 U.S. 1007 (1999).

Additionally, Petitioner contends that he suffered mental impairments, including a severe learning disability, that hindered his efforts in the post conviction proceedings. Reply at 2-3. While Petitioner has "limited education and training," Resp. Ex. D, Transcript of the Plea Hearing (Plea Tr.) at 5; Resp. Ex. K at 83, the record reflects his understanding of the criminal process, abilities to proceed pro se, competency to stand trial and above-average communicative skills. Moreover, although the presentence investigation, see Resp. Ex. O at 17, and Dr. Mahtre's competency report, see Plea Tr. at 6, show that Anderson suffered from depression, post traumatic stress and anger blackouts, the record reflects that he is able to communicate intelligibly on his own both orally and in written motions. Contrary to Petitioner's assertion of mental impairments, the presentence investigation

7

lacks any reference to any mental impairments such as mental retardation or severe learning disabilities; there is merely a statement that he was prescribed medication for anger management issues. See Resp. Ex. O at 17. After reviewing the record, this Court opines that Petitioner Anderson has not presented sufficient evidence to create a factual issue as to a causal connection between his alleged mental impairments and his ability to file a timely § 2254 petition in this Court.

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. #8) is **GRANTED.**

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2010.

                                                        *MARCIA MORALES HOWARD*
                                                        MARCIA MORALES HOWARD
                                                        United States District Judge

sc 5/6
c:
John M. Anderson, Jr.
Assistant Attorney General (Heller)